Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000418
17-JUN-2020
07:45 AM

NO. CAAP-19-0000418

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
JOHN HAINRICK,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-19-01347)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant John Hainrick (Hainrick) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 2, 2019, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

After a bench trial, Hainrick was convicted of: (1) Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2018);[2] and (2) Operating a vehicle after license and

---

[1] The Honorable Ann S. Isobe presided.

[2] HRS § 291E-61(a) states, in relevant part:

**§291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant, in violation of HRS § 291E-62(a)(1) and/or (a)(2) (Supp. 2018).[3]

On appeal, Hainrick contends that there was insufficient evidence to support his OVUII conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hainrick's point of error as follows:

Considering the evidence adduced at trial in the strongest light for the prosecution, we conclude that there was sufficient evidence to support Hainrick's OVUII conviction. See State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) ("[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact). Specifically, we conclude that there was substantial evidence that Hainrick had operated a vehicle while under the

---

(1)     While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

[3]     HRS § 291E-62(a) states, in relevant part:

**§ 291E-62  Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.**  (a)  No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

(1)     In violation of any restrictions placed on the person's license;

(2)     While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

2

influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.  See id. at 158, 166 P.3d at 331 ("'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion.  And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

At trial, Honolulu Police Department Officer Brennan Baysa (Officer Baysa) testified that, while driving westbound on the H-1 near the Kapiolani offramp, Hainrick quickly darted his vehicle over a solid yellow line and drifted back to the center of his lane of travel three separate times before being stopped.  Officer Baysa then testified that upon initiating the traffic stop of Hainrick's vehicle, he asked Hainrick for identification and Hainrick fumbled through his vehicle opening up compartments for approximately two minutes and gave Officer Baysa several blank looks.  After being asked multiple times for identification, Hainrick stated he did not have a driver's license.  During this interaction, Officer Baysa stated that he observed Hainrick's eyes to be glossy and watery, and had detected an odor of an alcoholic beverage from Hainrick's breath.  Officer Danilo Ting, Jr. (Officer Ting), who assisted Officer Baysa with the traffic stop, also testified that he noticed Hainrick's eyes were red, watery, and glassy when speaking with him.  He could also smell a strong odor of alcohol from Hainrick's breath.  Officer Ting informed Hainrick that there was reason to believe he was driving while impaired, then asked Hainrick to participate in the field sobriety test, to which Hainrick said "no."  While speaking with Hainrick, Officer Ting also noted that Hainrick's responses were very short and it sometimes felt like Hainrick did not understand what Officer Ting

3

was saying.  This was exemplified when, after refusing to participate in the field sobriety tests, Hainrick's blank stare caused Officer Ting to ask him if he understood what was just asked.  Hainrick continued to stare and Officer Ting asked Hainrick to explain to him what he had asked Hainrick.  Hainrick was still non-responsive to Officer Ting, so Officer Ting asked Hainrick if he understood what Officer Ting asked or to re-explain what Officer Ting had asked him.  Hainrick did not respond, so Officer Ting asked him again to confirm if he wanted to participate in the field sobriety test, to which Hainrick again said "no."

Consciousness of guilt may be inferred from a defendant's refusal to participate in the field sobriety tests. State v. Ferm, 94 Hawaiʻi 17, 29-30, 7 P.3d 193, 205-06 (App. 2000).  However, the trial court is also free to not construe such refusal as consciousness of guilt.  State v. Kuahiwinui-Beck, No. CAAP-15-0000683, 2017 WL 213156, at *3 (Haw. App. Jan. 18, 2017) (SDO).  Here, the District Court expressly noted Hainrick's refusal to participate in the field sobriety tests in finding him guilty of OVUII, and therefore considered the refusal as consciousness of guilt.

Considering the evidence adduced from the officers' testimonies and the inference from Hainrick's refusal to participate in field sobriety tests in the light most favorable for the prosecution, there was credible evidence adduced at trial which was of sufficient quality and probative value to enable a person of reasonable caution to conclude that Hainrick committed OVUII in violation of HRS § 291E-61(a)(1).  See e.g., State v. Nakamitsu, 140 Hawaiʻi 157, 165, 398 P.3d 746, 754 (2017) (determining that even absent evidence of the defendant's performance on the field sobriety tests, the testimony of the two officers regarding the defendant's appearance, demeanor, and the defendant's vehicle and surrounding scene, was substantial evidence that he operated his vehicle under the influence of

4

alcohol in violation of HRS § 291E-61(a)(1)); State v. Gaston, 108 Hawaiʻi 308, 310–11, 119 P.3d 616, 618–19 (App. 2005) (upholding defendant's OVUII conviction because evidence demonstrated that his face was flushed, his eyes were red and glassy, his breath had smelled of alcohol, he was unsteady on his feet, and he had lost control of his vehicle and hit a guardrail, which constituted substantial evidence).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 2, 2019, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawaiʻi, June 17, 2020.

On the briefs:

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Andrew I. Kim,
Deputy Public Defender,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H. M. Chan
Associate Judge