**NOT FOR PUBLICATION  IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000038
28-JUN-2023
07:55 AM
Dkt. 39 SO**

NO. CAAP-19-0000038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JOEY ALLEN PUZYNSKI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-18-01632)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Joey A. Puzynski (**Puzynski**) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on December 11, 2018, by the District Court of the First Circuit (**District Court**), Honolulu Division.[1]

Puzynski was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (Supp. 2017).[2]

---

[1]  The Honorable William M. Domingo presided.

[2]  HRS § 291E-61 provides, in pertinent part:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> > (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Puzynski raises a single point of error on appeal, contending that there was insufficient evidence to convict him of OVUII, specifically, that there was insufficient evidence that he operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Puzynski's point of error as follows and affirm.

"In reviewing the sufficiency of the evidence, a court must view the evidence in the light most favorable to the prosecution." State v. Wagner, 139 Hawaiʻi 475, 485, 394 P.3d 705, 715 (2017) (citation omitted).  Further, "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

Id. at 158, 166 P.3d at 331 (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

Here, viewing the evidence in the light most favorable for the prosecution, which we must do, we conclude there is substantial evidence to support Puzynski's conviction for OVUII. At trial, Honolulu Police Department (**HPD**) Officer Jozlyn Harrington (**Officer Harrington**) testified that on May 10, 2018, at approximately 9:15 p.m., she was operating an HPD blue and white vehicle, she was in the left lane on Keʻeaumoku Street headed makai (toward the ocean), and she was about to make a left turn onto Makaloa Street.  The traffic light facing Officer Harrington was green, her vehicle was behind another car and she

was waiting for that car to complete its left turn, when Puzynski drove his scooter between her vehicle and the car in front of her going in a west-bound direction.  In rendering its verdict, the District Court found, and Puzynski does not dispute,[3] that when Officer Harrington "was waiting to make a left turn, having a green light in front of her, [Puzynski] came from her left against the red light, crossed between [Officer Harrington] and the car before [her] . . . and proceeded across the intersection against the red light[.]" (Emphasis added).

Officer Harrington testified that she did not see Puzynski's scooter until it was right in front of her, and estimated that Puzynski's scooter was less than twelve feet away from her vehicle.  As soon as Puzynski's scooter passed through the intersection, Officer Harrington saw that her light was still green, checked her mirror and crossed the two lanes on her right to make a right turn onto Makaloa Street to follow Puzynski's scooter.

While on Makaloa Street, Officer Harrington observed Puzynski's scooter weaving back and forth in his lane as he approached Sheridan Street.  Puzynski's scooter approached a stop sign on Makaloa Street, did not make a complete stop, and then made a left turn onto Sheridan Street.  Officer Harrington made the left turn onto Sheridan Street and initiated a traffic stop.

Officer Harrington testified that during the initial stop, Puzynski was seated on his scooter with his two feet on the ground.  Officer Harrington testified that because the scooter's kickstand was not down, Puzynski was "slightly moving side to side[,]" and he was "a little unsteady while on the scooter." Officer Harrington also testified that she could not make any observations of Puzynski because he had his head down until she tried to issue Puzynski a citation for driving without a license. At that point, Puzynski turned towards Officer Harrington, got upset at her, and said "I'm not going to fucking court."  When

_____

[3]  Unchallenged findings of fact are binding on appeal. State v. Rodrigues, 145 Hawaiʻi 487, 497, 454 P.3d 428, 438 (2019).

Puzynski raised his voice, Officer Harrington could smell alcohol coming from his breath from about two feet away and also testified that Puzynski's eyes were glassy.

Officer Harrington testified that Puzynski denied drinking alcohol and she asked if Puzynski wanted to participate in the standard field sobriety test (**SFST**).  Puzynski then "got really angry" at Officer Harrington, "put his kickstand down, he stood up, he threw his keys on the floor, and he was like, yeah, let's fucking -- like, let's fucking do this" with a raised voice.  Officer Harrington asked for more units for assistance and several officers arrived.

Officer Harrington testified that when she and Puzynski were on the sidewalk for the SFST, Puzynski was uncooperative and very argumentative, yelling, swearing, and causing a scene.  Officer Harrington attempted to give Puzynski instructions for the SFST but was unable to do so because Puzynski was arguing with her, and "[t]owards the end he just was like, yeah, just fucking arrest me."

Officer Harrington testified that she then made the decision to arrest Puzynski given his driving, being unsteady on his feet while on the scooter, his agitation and demeanor as soon as she tried to issue the citation, the smell of alcohol, and his demeanor while Officer Harrington attempted to administer the SFST.

HPD Officer Dayne Moya (**Officer Moya**) testified that on May 10, 2018, at approximately 9:55 p.m., he responded to Officer Harrington's call for assistance near Sheridan Street and Kapiʻolani Boulevard.  When Officer Moya arrived, the other officers had Puzynski detained in handcuffs standing outside of a patrol vehicle.  Officer Moya testified that when he was one to two feet away, he could see that Puzynski's cheeks were flush red, and there was a strong odor of alcohol emitting from his breath as he yelled at the officers.  Officer Moya also testified that Puzynski continuously swore at all the officers, was very irate, agitated, and was yelling.  When officers would try to

control Puzynski and walk him towards the vehicle, he would make "quick motions of just trying to turn away to turn around and face the officers."  Officer Moya testified that he was on scene for about ten minutes, heard Puzynski yelling the whole time, and that a crowd of people were drawn outside from the apartment buildings.  Puzynski was placed in a patrol vehicle about five minutes after Officer Moya arrived and Puzynski continued to yell while in the patrol vehicle.

Puzynski testified that less than a week before he was pulled over on May 10, 2018, his scooter had been in an accident and when it slows down, the scooter wobbles and Puzynski would weave in his lane to slow his scooter down.  Puzynski testified that when Officer Harrington asked for his driver's license, he told her his wallet had been stolen, so he provided her with his passport.  Puzynski testified that he got agitated when Officer Harrington decided to issue him a citation because he had worked a twelve hour day, was very tired, was on his way home from work, had a bad history with police officers and was distrustful of them.  Puzynski testified that he felt very aggravated and harassed but he was not swearing or yelling at the officers.

Puzynski argues there are explanations other than intoxication to account for weaving his scooter within the lane, his behavior, and the scent of alcohol.[4]  However, the District Court pointed to several aspects of Puzynski's driving in rendering its verdict, finding that when Officer Harrington was waiting to make a left turn at a green light, Puzynski came from her left, crossed between her and the car in front of her, and proceeded across the intersection against the red light.[5]  The

---

[4]  Puzynski argues that his scooter weaved a bit within his own lane likely because of "a less than pristine scooter and a slight bend of the road", that being loud, yelling, or speaking with an agitated or raised voice is not proper evidence of illegal intoxication, and that an odor of alcohol does not mean Puzynski was statutorily impaired.

[5]  Puzynski argues that the District Court found him not guilty of reckless driving and thus his driving should be discounted in considering his conviction for OVUII.  However, the District Court determined that it needed "further information regarding the evidence" related to the reckless driving
(continued...)

District Court also noted "some weaving" by Puzynski and the failed stop at a stop sign.  Moreover, the credibility of the officers was also significant and the District Court credited the officers' testimony.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted).  Therefore, although Puzynski testified he did not drink any alcohol and did not yell or swear at the officers, the District Court credited the officers' testimony that they smelled an odor of alcohol coming from Puzynski's breath, and that Puzynski was yelling and swearing.

On this record, there was substantial evidence to support the District Court's conviction of Puzynski for OVUII, in other words, that Puzynski operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.  HRS § 291E-61(a)(1); see State v. Gaston, 108 Hawaiʻi 308, 310-11, 119 P.3d 616, 618-19 (App. 2005) (holding there was substantial evidence to convict the defendant of OVUII based on testimony by officers that defendant's face was flushed, his eyes were red and glassy, his breath smelled of alcohol, he was unsteady on his feet, and he admitted losing control of his vehicle and hit a guardrail); State v. Bayardelger, No. CAAP-19-0000344, 2020 WL 3056088, at *2 (Haw. App. June 9, 2020) (SDO) (holding there was substantial evidence to convict defendant of OVUII based on officer's testimony that he observed defendant's vehicle drift out of its lane of travel five times over the course of about a mile, and after stopping defendant,

_____

[5](...continued)
charge under HRS § 291-2 (2020), which provides in relevant part: "Whoever operates any vehicle or rides any animal recklessly in disregard of the safety of persons or property is guilty of reckless driving of vehicle[.]"  Even though Puzynski was not convicted under HRS § 291-2, the District Court was not precluded from considering Puzynski's operation of his scooter related to the OVUII charge.

noticed a very strong odor of alcohol coming from inside the vehicle, the odor appeared stronger or coming from defendant, and defendant had red, watery, and glassy eyes); State v. Lay, No. CAAP-14-0001193, 2015 WL 9484361, at *1-2 (Haw. App. Dec. 23, 2015) (SDO) (holding there was substantial evidence to convict defendant of OVUII based on officer's testimony that defendant swerved her moped on the road while her passenger had his hands up and shouted, defendant had red and glassy eyes, her face was flushed, she was unsteady on her feet, her breath smelled of alcohol, and defendant was belligerent and uncooperative with the officer who attempted to administer three field sobriety tests).

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on December 11, 2018, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 28, 2023.

On the briefs:

Alan K. Akao
Deputy Public Defender
for Defendant-Appellant

Loren J. Thomas,
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge