**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000672**
**08-AUG-2023**
**07:50 AM**
**Dkt. 68 SO**

NO. CAAP-21-0000672

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MARK KEVIN TAYLOR, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTA-20-01467)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Mark Kevin **Taylor** appeals from the Notice of Entry of **Judgment** and/or Order and Plea/Judgment entered by the District Court of the First Circuit, ʻEwa Division, on October 27, 2021.[1]  For the reasons explained below, we affirm.

Taylor was arrested on June 29, 2020.  He was charged with Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) and (b)(1).  He pleaded not guilty.  His bench trial was held on August 25, 2021.[2]  The State presented testimony from two Honolulu Police Department (**HPD**) officers.

---

[1]  The Honorable Michael A. Marr presided over sentencing and entered the Judgment.

[2]  The Honorable Clarissa Y. Malinao presided over the trial.

Taylor didn't testify.  The district court found Taylor guilty of OVUII for violating HRS § 291E-61(a)(1).  He was sentenced, and the Judgment was entered, on October 27, 2021.  This appeal followed.

Taylor raises four points of error, two of which we consolidate for discussion purposes: **(1)** the district court's pretrial and ultimate Tachibana[3] colloquies were deficient; **(2)** the district court erred by denying Taylor's motion to strike HPD officer Thomas **Billins**'s testimony; and **(3)** the evidence was insufficient to establish Taylor's guilt beyond a reasonable doubt.

**(1)**  Taylor challenges the sufficiency of the district court's initial Tachibana advisement and ultimate Tachibana colloquy.  We review using the right/wrong standard, State v. Celestine, 142 Hawai'i 165, 169, 415 P.3d 907, 911 (2018), looking at "the totality of the facts and circumstances" of the case, id. at 171, 415 P.3d at 913 (citation omitted).

Taylor didn't testify, and thus waived his right *to* testify.  Accordingly, we review the adequacy of the district court's advisement and colloquy concerning the right *to* testify. See State v. Adcock, 148 Hawai'i 308, 316, 473 P.3d 769, 777 (App. 2020) (noting that "when the deficiency in a Tachibana colloquy is not related to the right waived, the error appears harmless").[4]

> When a defendant in a criminal case indicates an intention not to testify, the trial court must advise the defendant of the right to testify and must obtain an on-the-record waiver of the right. . . . This advisement should consist of informing the defendant (1) that they have a right to testify, (2) that if they want to testify, no one can

---

[3]    Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995).

[4]    Taylor argues that the district court failed to ask "whether [he] intends to not testify, whether anyone is forcing [him] not to testify, and whether the decision to not testify is [his]." Celestine, 142 Hawai'i at 170-71, 415 P.3d at 912-13.  He didn't waive his right to not testify.  Even if erroneous (which we do not decide), the district court's omissions were harmless.

prevent them from doing so, and (3) that if they testify, the prosecution will be allowed to cross-examine them.

State v. Martin, 146 Hawaiʻi 365, 378, 463 P.3d 1022, 1035 (2020) (cleaned up).

The district court's pretrial advisement was:

> Q. (By the Court) You understand, sir, you have a constitutional right to testify in your own behalf -- in your own defense, do you understand that, sir?
>
> A. I do, Judge.
>
> Q. And then although you should consult with your learned counsel . . . regarding this decision to testify, it is your decision, and no one can prevent you from testifying should you choose to do so, sir, do you understand?
>
> A. I understand.
>
> Q. Okay. If you decide to testify, the prosecutor in this matter will be allowed to cross-examine you if you take the witness stand to testify, do you understand, sir?
>
> A. I do understand.

The ultimate colloquy was:

> Q. (By the Court) All right. Sir, as I discussed with you before the start of the trial, you have a constitutional right to testify in your own defense. Do you understand, sir?
>
> A. I do.
>
> Q. Okay. Although you should consult with your attorney . . . regarding that decision to testify, it is your decision, and no one can prevent you from testifying, should you choose to do so, do you understand that, sir?
>
> A. I do understand.
>
> Q. Okay. If you decide to testify, as previously indicated, the State . . . would be able to cross-examine you here if you take the witness stand, do you understand that, sir?
>
> A. I do.

The Tachibana advisement and colloquy on Taylor's right to testify in his own defense were not deficient.

Taylor points out that the district court did not advise him he should consult with his attorney when informing him

of his right to *not* testify.  He argues this implied it would be "risky or problematic" for him *to* testify, and that it would be safer to not testify — that is, to waive his right *to* testify. We disregard this argument because the following dialogue took place between the district court and Taylor:

> Q. Okay.  Have you made a decision as to whether or not you will testify in this case?
>
> A. I have.
>
> Q. And what is that decision, sir?
>
> A. Will not (inaudible).
>
> Q. Okay.  Understood.  And Mr. -- and you've had an opportunity to speak with your attorney, giving [sic] advice to [sic] counsel, although the decision remains ultimately with you, but did you have enough time to talk to your attorney . . . ?
>
> A. Yes.

Looking at the totality of the facts and circumstances in the record, we conclude that the district court's <u>Tachibana</u> pretrial advisement and ultimate colloquy were not deficient.

**(2)**  Taylor contends that the district court erred by denying his motion to strike Officer Billins's testimony under Hawaii Rules of Evidence (**HRE**) Rule 602.[5]  We apply the right/wrong standard of review.  <u>State v. Apollonio</u>, 130 Hawai'i 353, 361 n.13, 311 P.3d 676, 684 n.13 (2013) (stating that "where the court's ruling regarding the witness' personal knowledge is concerned, the appropriate standard for appellate review is the right/wrong standard") (quotation marks omitted).

Officer Billins pulled Taylor over and gave Taylor the standardized field sobriety test (**SFST**).  When defense counsel challenged Officer Billins's memory on cross-examination, his

---

[5]    HRE Rule 602 provides, in relevant part:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.

testimony established that he remembered Taylor was driving at night without headlights, swerving within his traffic lane, making a lane change without signaling, having difficulty saying the word "insurance" after he was stopped, doing an improper turn during the walk-and-turn and, during the one-leg-stand test, "just lifting the front part of his foot off the ground and not the entire foot itself." The district court was not wrong to deny Taylor's motion to strike Officer Billins's testimony.

**(3)** Taylor challenges the sufficiency of the evidence to support his conviction.

> In reviewing a challenge to the sufficiency of the evidence, evidence adduced in the trial court must be considered in the strongest light for the prosecution. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Williams, 149 Hawai'i 381, 392, 491 P.3d 592, 603 (2021) (cleaned up).

The State was required to prove that Taylor operated a vehicle "[w]hile under the influence of alcohol in an amount sufficient to impair [his] normal mental faculties or ability to care for [himself] and guard against casualty[.]" HRS § 291E-61(a)(1) (2020). The evidence was that Taylor was driving on the H-1 freeway at night with no headlights or tail lights. His vehicle was swerving between two lanes. He did not stop immediately after Officer Billins activated his blue light and siren. "His speech was very slurred." "He had red, watery eyes." Officer Billins detected "an odor of an alcoholic-type beverage coming from him[.]" He "had to lean very heavily" on his vehicle after getting out. During the walk-and-turn portion of the SFST he was not able "to keep his heel to toe, and he had to stop walking on steps 3, 4, and 5." He was unable to complete the turn as instructed. He "performed very poorly" on the one-leg-stand test. "He was unable to keep his leg raised for more than a few seconds and put his foot down on multiple occasions[.]" HPD Officer Kenneth **Fontes** saw Taylor exhibit "a

noticeable circular sway" as he stood for the preliminary alcohol screening.  Officer Fontes also "detected a strong odor of an alcoholic-type beverage" on Taylor's breath, and saw Taylor "thrusting his hips back and forth, front and back, moving his body up and down."  This evidence was sufficient to support the conviction.  See, e.g., State v. Gaston, 108 Hawaiʻi 308, 311-12, 119 P.3d 616, 619-20 (App. 2005) (evidence that defendant had flushed face, red and glassy eyes, smell of alcohol on his breath, and unsteady balance was sufficient to support conviction under HRS § 291E-61(a)(1) (Supp. 2004)); State v. Ferm, 94 Hawaiʻi 17, 27, 7 P.3d 193, 203 (App. 2000) (evidence that defendant's breath smelled like alcoholic beverage, he was unsteady, his eyes were glassy and bloodshot, and his speech was slurred was sufficient to support driving under the influence of intoxicating liquor conviction under HRS § 291-4(a)(1) (Supp. 1998)).

For the reasons explained above, the "Notice of Entry of Judgment and/or Order and Plea/Judgment" entered on October 27, 2021, is affirmed.

DATED:  Honolulu, Hawaiʻi, August 8, 2023.

On the briefs:

Marcus B. Sierra,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge